

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable George H. Sheppard          Opinion No. 0-2924
Comptroller of Public Accounts        Re: Authority of Governor to grant
Austin, Texas                         deficiency appropriation to supple-
                                      ment contingent appropriation to
Dear Sir:                             Labor Commissioner.

     We quote from your letter of November 20, as follows:

     "The current general appropriation bill appropriates for the Bureau of Labor Statistics:

     "'$1900.00 . . . for equipment, stationery, printing, postage, office supplies, telephone, telegraph, express and contingent expenses,' for the fiscal year ending August 31, 1941.

     "The rider to this general appropriation bill, as found at page 233 of the Act reads, as follows:

     "'It is further provided that, during any three month period, no department can expend more than one-fourth of the appropriations made herein for; (a) traveling expenses, (b) contingent expenses, (c) telephone and telegraph, (d) postage, provided that any unexpended balances from preceding quarters may be expended during subsequent quarters.'

     "The Bureau of Labor Statistics has spent one-fourth of the above mentioned appropriation before the end of the first three months of the fiscal year."

     Upon this statement, you ask the opinion of this department upon the following question:

     "Is the governor authorized to grant a deficiency appropriation to the Labor Commissioner to supplement the above mentioned appropriation in such amount as is reasonably necessary to pay for extra help and miscellaneous expenses?"

     The Governor derives his authority to grant deficiency appropriations from the provisions of Article 4351, which reads:

     "All heads of departments, managers of State institutions or other persons intrusted with the power or duty of contracting for supplies, or in any manner pledging the credit of the State for any deficiency that may arise under their management or control, shall, at least thirty days

before such deficiency shall occur, make out a sworn estimate of the amount necessary to cover such deficiency until the meeting of the next Legislature. Such estimate shall be immediately filed with the Governor, who shall thereupon carefully examine the same and approve or disapprove the same in whole or in part. When such deficiency claim, or any part thereof, has been so approved by the Governor he shall indorse his approval thereon, designating the amount and items thereof approved and the items disapproved, and file same with the Comptroller; and the same shall be authority for the Comptroller to draw his deficiency warrant for so much thereof as may be approved; but no claim, or any part thereof, shall be allowed or warrants drawn therefor by the Comptroller, or paid by the Treasurer, unless such estimate has been so approved and filed. If there is a deficiency appropriation sufficient to meet such claims, then a warrant shall be drawn therefor and the same shall be paid; but, if there is no such appropriation, or if such appropriation be so exhausted that it is not sufficient to pay such deficiency claim, then a deficiency warrant shall issue therefor; and such claim shall remain unpaid until provision be made therefor at some session of the Legislature thereafter. The provisions of this article shall not apply to fees and dues for which the State may be liable under the general laws. When any injury or damage shall occur to any public property from flood, storm or any unavoidable cause, the estimate may be filed at once but must be approved by the Governor as provided in this article."

In our opinion No. 0-2118 (copy of which we enclose herewith) we construed Article 4351. In that opinion we said:

"Every head of a department, and every manager of a State institution, perhaps without exception, is by law clothed with the power or duty of contracting (in the manner prescribed by law) for supplies, traveling expenses, and other things necessary to the proper administration of the departmental or institutional affairs. . . ."

". . . The duty of maintenance and carrying on is imposed by the law and if the revenue appropriated to that legitimate and necessary end proves to be insufficient, it amounts to the casual deficiency contemplated by the Constitution and statutes."

"An appropriation such as we are discussing is not the same as an appropriation for a purpose which may be accomplished within the sum appropriated therefor, like a building, a betterment and the like, since in a case of that kind the building or the betterment may be brought within the specific appropriation; whereas, such things as maintenance, incidentals, including traveling expenses, postage and the like in their very nature are continuous and of daily necessity to the operation of the State's affairs - the very functioning of the government. In the latter case the larger purpose of the Legislature is to authorize the incurring of such maintenance and incidental expenses."

It is our opinion that, upon proper showing under the provisions of Article 4351, that the amount available for expenditure during any quarterly period from a "contingent" expense appropriation will be insufficient to defray the expenses to be paid from such appropriation, necessary to carry on the functions of the particular department, the Governor may authorize the issuance of deficiency warrants to supplement the amount available for contingent expenses for the particular quarter involved. The application to the Governor must be made before the deficiency is incurred, under the provisions of Article 4351. When the deficiency is authorized to supplement the contingent expenses available for a particular quarter, the deficiency will not be available for expenditure in another quarter. And, of course, as held in our opinion No. O-2118, the Governor may authorize only such expenditures as are necessary to be made to carry on the business of the Department until the next meeting of the Legislature; so that, at all events, the deficiency allowance will not be available for expenditure after the Legislature convenes.

No opinion has been sought, and none is expressed, with reference to specific fact questions which may arise in connection with a particular deficiency allowance by the Governor or expenditures made thereunder. The above general rules, however, can doubtless be applied by you without difficulty, to such specific matters.

Yours very truly

APPROVED JAN 30, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By  /s/ R. W. Fairchild
          R. W. Fairchild
                Assistant

RWF:GO:LM